UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1:23-cv-00317-MR

| EDWARD ROY DUGGER, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) | **ORDER** |
| vs. | ) |  |
|  | ) |  |
| TODD ISHEE, Secretary, North Carolina Department of Adult Correction,[1] | ) ) ) |  |
|  | ) |  |
| Respondent. | ) |  |

**THIS MATTER** comes before the Court on the Petition for Writ of Habeas Corpus [Doc. 1]. Also before the Court is the Petitioner's Motion to Proceed *In Forma Pauperis* [Doc. 2].

I.  **BACKGROUND**

Edward Roy Dugger (the "Petitioner") is a prisoner of the State of North Carolina. The Petitioner was convicted of incest and statutory rape in Avery County, North Carolina, on August 23, 2018, and sentenced to 40-58 years

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that "the petition must name as respondent the state officer who has custody" of the petitioner. Rule 2(a), 28 U.S.C. foll. § 2254. North Carolina law mandates that the Secretary of the North Carolina Department of Adult Correction is the custodian of all state inmates. See N.C. Gen. Stat. § 148-4 (2023). Accordingly, Todd Ishee, the current Secretary of the North Carolina Department of Adult Correction, is the proper respondent in this action.

of incarceration. [Doc. 1 at 1]. The Petitioner did not file a direct appeal of his judgment of conviction. [Id. at 2].

The Petitioner filed a post-conviction Motion for Appropriate Relief ("MAR") in the Avery County Superior Court alleging that trial counsel was ineffective for failing to file a notice of direct appeal after being instructed to do so. [Id. at 3, 6]. The MAR was denied on September 27, 2019. [Id.]. The Petitioner filed a Petition for Writ of Certiorari with the North Carolina Court of Appeals on June 4, 2021, that was dismissed on June 21, 2021. [Id. at 3-4]. The Petitioner filed a second Petition for Writ of Certiorari with the North Carolina Court of Appeals on June 2, 2023, that was dismissed on July 27, 2023. [Id.].

The Petitioner filed his § 2254 petition on October 31, 2023. [Doc. 1].

## II. DISCUSSION

### A. Timeliness of § 2254 Petition

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitation period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

The Petitioner's judgment of conviction was entered on August 23, 2018. [Doc. 1 at 1]. His judgment of conviction became final fourteen days later on September 6, 2018, when the time for seeking direct appeal expired. See N.C. App. R. 4(a)(2) (providing fourteen days in which to seek appellate review of criminal judgment and conviction). The one-year statute of limitations contained in the AEDPA then began running for 365 days and was set to expire on or about September 6, 2019. See 28 U.S.C. § 2244(d)(1).

The Petitioner filed a post-conviction MAR in Avery County Superior Court. The Petitioner lists the date of filing of the MAR in his petition as September 12, 2019, and the Order denying the MAR also lists September 12, 2019, as the date of filing. [Doc. 1 at 3, Doc. 1-1 at 7]. However, in a

3

Case 1:23-cv-00317-MR   Document 5   Filed 05/28/24   Page 3 of 6

different part of his petition, the Petitioner lists the date of his MAR filing as August 14, 2019. [Doc. 1 at 14].

While a timely and properly filed MAR may toll the one-year statute of limitations, if the Petitioner's MAR was filed on the September date, it was after the statute of limitations expired and it could not have revived the limitations period or tolled the time to file a federal habeas petition. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000) (recognizing that state applications for collateral review cannot revive an already expired federal limitations period). If the MAR was filed on the August date, before the statute of limitations expired, it would have tolled the time to file the present petition until the Court issued its order on September 27, 2019.

Even giving the Petitioner the benefit of the discrepancy and using the August date, however, results in Petitioner's claim being untimely. If the Petitioner filed his MAR on August 12, 2019, 340 days after his judgment of conviction became final, he only had 25 days remaining after the disposition of that motion to file with this Court or to make another state filing to toll the statute of limitations. The Petitioner made no other filings, however, by his account, until October 21, 2020, at which point an additional 390 days had passed from the denial of his MAR. [Doc. 1 at 14]. Therefore, his time to file a petition with this Court expired on October 27, 2019.

The Petitioner filed his § 2254 petition in this Court on October 31, 2023. [Doc. 1]. The petition is subject to dismissal unless the Petitioner can show that he is entitled to statutory tolling of the limitations period under § 2244(d)(1) or equitable tolling of limitations period for good cause shown.[2] As such, the Court will grant the Petitioner twenty-one (21) days in which to explain why his § 2254 petition should not be dismissed as untimely, including any reasons why statutory or equitable tolling should apply. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).

**B.     Motion to Proceed *In Forma Pauperis***

The Petitioner moves this Court for an application to proceed *in forma pauperis*. [Doc. 2]. Rule 3(a) of the Rules Governing Section 2254 Cases requires that a petition be accompanied by the applicable filing fee or motion for leave to proceed *in forma pauperis*. Federal courts may excuse the required fees if the litigant demonstrates that he cannot afford to pay. 28 U.S.C. § 1915(a)(1).

The required filing fee for the § 2254 petition is $5.00. Although the Petitioner indicates that he has no money in any accounts, his prison trust

---

[2] "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

account balance at the time of filing his § 2254 petition was $89.00. [Doc. 2 at 2]. As such, the Court finds that the Petitioner has adequate resources to pay the required $5.00 filing fee. Therefore, the Court will deny the Petitioner's motion and order him to pay the $5.00 filing fee within thirty (30) days of this Order.

**IT IS, THEREFORE, ORDERED** that:

1. The Petitioner shall, within twenty-one (21) days of entry of this Order, file a document explaining why his § 2254 petition should not be dismissed as untimely.

2. The Petitioner's Motion to Proceed *in Forma Pauperis* [Doc. 2] is **DENIED**. The Petitioner shall pay the required $5.00 filing fee within thirty (30) days of the entry of this Order.

3. Failure to comply with the provisions of this Order will likely result in the dismissal of this action.

4. The Clerk of Court is respectfully directed to substitute Todd Ishee, Secretary of the North Carolina Department of Adult Correction as the proper Respondent in this action.

**IT IS SO ORDERED.**

Signed: May 27, 2024

Martin Reidinger
Chief United States District Judge