IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1:23-cv-00317-MR

EDWARD ROY DUGGER, )
 )
          Petitioner, )
 )
vs. )    **MEMORANDUM OF**
 )    **DECISION AND ORDER**
LESLIE COOLEY DISMUKES, )
Secretary, North Carolina )
Department of Adult Correction,[1] )
 )
          Respondent. )
_____ )

**THIS MATTER** is before the Court on the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Doc. 1]. Also before the Court is the Petitioner's Motion for Leave to Amend Petition [Doc. 7], and Motion for Judgment on the Pleadings. [Doc. 10].

**I.    BACKGROUND**

Edward Roy Dugger (the "Petitioner") is a prisoner of the State of North Carolina. The Petitioner was convicted of incest and statutory rape in Avery

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that "the petition must name as respondent the state officer who has custody" of the petitioner. Rule 2(a), 28 U.S.C. foll. § 2254. North Carolina law mandates that the Secretary of the North Carolina Department of Adult Correction is the custodian of all state inmates. N.C. Gen. Stat. § 148-4 (2023). Accordingly, Leslie Cooley Dismukes, the current Secretary of the North Carolina Department of Adult Correction, is the proper Respondent in this action.

County, North Carolina, on August 23, 2018, and sentenced to 40-58 years of incarceration. [Doc. 1 at 1]. The Petitioner did not file a direct appeal of his judgment of conviction. [Id. at 2].

The Petitioner filed a post-conviction Motion for Appropriate Relief ("MAR") in the Avery County Superior Court alleging that trial counsel was ineffective for failing to file a notice of direct appeal after being instructed to do so. [Id. at 3, 6]. The MAR was denied on September 27, 2019. [Id.]. The Petitioner filed a Petition for Writ of Certiorari with the North Carolina Court of Appeals on June 4, 2021, that was dismissed on June 21, 2021. [Id. at 3-4]. The Petitioner filed a second Petition for Writ of Certiorari with the North Carolina Court of Appeals on June 2, 2023, that was dismissed on July 27, 2023. [Id.].

The Petitioner filed his § 2254 petition on October 31, 2023. [Doc. 1].

## II.  DISCUSSION

### A.  Timeliness of § 2254 Petition

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitation period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

The Petitioner's judgment of conviction was entered on August 23, 2018. [Doc. 1 at 1]. This judgment became final fourteen days later on September 6, 2018, when the time for seeking direct appeal expired. See N.C. App. R. 4(a)(2) (providing fourteen days in which to seek appellate review of criminal judgment and conviction). The one-year statute of limitations contained in the AEDPA then began running for 365 days and was set to expire on or about September 6, 2019. 28 U.S.C. § 2244(d)(1).

The Petitioner filed a post-conviction MAR in Avery County Superior Court. The Petitioner lists the date of filing of the MAR in his petition as

September 12, 2019, and the Order denying the MAR also lists September 12, 2019, as the date of filing. [Doc. 1 at 3, Doc. 1-1 at 7]. However, in a different part of his petition, the Petitioner lists the date of his MAR filing as August 14, 2019. [Doc. 1 at 14].

While a timely and properly filed MAR may toll the one-year statute of limitations, if the Petitioner's MAR was filed on the September date, it was after the statute of limitations expired and it could not have revived the limitations period or tolled the time to file a federal habeas petition. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000) (recognizing that state applications for collateral review cannot revive an already expired federal limitations period). If the MAR was filed on the August date, before the statute of limitations expired, it would have tolled the time to file the present petition until the MAR action concluded. The trial court denied the MAR on September 27, 2019. [Doc. 1-1 at 8]. The AEDPA statute of limitations restarted once the time for the Petitioner to seek appellate review of the MAR denial passed.

There is no specific deadline in North Carolina for filing a certiorari petition challenging the denial of an MAR in non-capital cases, as the rule only requires that such petition be filed "without unreasonable delay." N.C. R. App. P. 21(c), (e). "The North Carolina Supreme Court has not defined

4

the term 'unreasonable delay.'" Smith v. Hooks, 2019 WL 4458854,*3 (E.D.N.C. Sept. 17, 2019). However, this Court, in agreement with the Middle District and the Eastern District of North Carolina, has held "that absent 'very unusual circumstances' a writ of certiorari is filed 'without unreasonable delay' if it is filed within 30 days of the denial of the MAR." Oxendale v. Corpening, No. 1:18-cv-00241-MR, 2020 WL 3060755, *3 (W.D.N.C. June 9, 2020) (citing McConnell v. Beck, 427 F. Supp. 2d 578, 582 (M.D.N.C. 2006); Coley v. Hooks, No. 5:16-HC-2308-FL, 2018 WL 1570799, *4 (E.D.N.C. Mar. 30, 2018)). The Petitioner did not seek certiorari review of the MAR denial until June 4, 2021 [Doc. 1 at 14; Doc. 1-1 at 9], some twenty months after the trial court denied his MAR. The appellate court dismissed Petitioner's action June 21, 2021.

Even giving Petitioner the benefit of all discrepancies by using his June 4, 2021, certiorari petition filing date and by using his August 14, 2019, MAR filing date for statutory tolling purposes, Petitioner's federal claim remains untimely. If the Petitioner filed his MAR on August 14, 2019, 342 days after his judgment of conviction became final, he only had 23 days remaining after the disposition of that motion to file with this Court or to make another state filing to toll the statute of limitations. Following the North Carolina Court of Appeals' June 21, 2021, dismissal of Petitioner's MAR action, the AEDPA

5

limitations period began running again and expired 23 days later on July 14, 2021.  The Petitioner made no other filings, however, by his account until June 2, 2023, when he filed a second petition in the North Carolina Court of Appeals, and even later until October 31, 2023, when he filed his petition in this Court. Both of these filings were made well beyond the July 14, 2021, expiration of the limitations period.  Therefore, the petition filed herein is untimely.

On May 28, 2024, the Court notified Petitioner, pursuant to Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), that this action would be dismissed unless the Petitioner could show that he is entitled to statutory tolling of the limitations period under § 2244(d)(1) or equitable tolling of limitations period for good cause shown. [Doc. 5]. Petitioner filed a timely Response [Doc. 6] and a Motion for Leave to Amend Petition. [Doc. 7].

Equitable tolling of the statute of limitations for an untimely § 2254 petition may apply where the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent timely filing.  Holland v. Florida, 560 U.S. 631, 649 (2010); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  It is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period

against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)).

In his Response, Petitioner concedes that his petition is untimely but argues he is entitled to equitable tolling, citing Socha v. Boughton, 763 F.3d 674 (7th Cir. 2014). [Doc. 6 at 2]. Petitioner's Response, however, fails to establish that he is entitled to equitable tolling to excuse the untimeliness of his § 2254 petition. The fact that Petitioner did not have access to law books or assistance from counsel does not constitute the type of extraordinary circumstances that would justify the application of equitable tolling. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling); Garcia Negrete v. United States, 2020 WL 2041342, *2 (W.D.N.C. April 28, 2020) (attorney misadvice, lack of legal knowledge, and lack of law library access do not warrant equitable tolling); Buchnowski v. White, 2013 WL 171540, *3 (W.D.N.C. January 16, 2013) (absence of law libraries is not grounds for equitable tolling); Henriquez v. United States, 2012 WL 1564158, *2 (E.D.N.C. May 2, 2012) (misplacement of legal papers and access to legal materials typically are not grounds for equitable tolling).

Petitioner fails to show that he diligently pursued his rights, and he likewise fails to show that circumstances external to his own conduct were the bases for the late filing of his § 2254 petition. As such, the § 2254 petition shall be dismissed as untimely.[2]

B. **Pending Motions**

Petitioner has filed a Motion for Leave to Amend Petition [Doc. 7], and Motion for Judgment on the Pleadings. [Doc. 10]. In the first of these motions, Petitioner seeks to amend his petition by adding his equitable tolling argument to it. [Doc. 7 at 1] The Court has addressed Petitioner's equitable tolling argument above and concludes it is without merit.[3] Petitioner's Motion for Leave to Amend Petition is futile, and it therefore shall be denied.

---

[2] Even if Petitioner could show that it would be unconscionable to enforce the limitation period against him, which he cannot, Petitioner cannot show gross injustice would result. Petitioner's sole claim set forth in his petition was summarily rejected as meritless by the respective North Carolina courts that entertained them. [Doc. 1-1 at pp. 7-8, and at 9]. Nothing in the record discloses that any of the North Carolina courts' decisions were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1). Alternatively, none of the state courts' adjudications of Petitioner's claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d)(2).

[3] In seeking to amend his petition to include his equitable tolling argument, Petitioner cites Egerton v. Cockrell, 334 F.3d 433 (5th Cir. 2003). [Doc. 7 at 2]. Petitioner's reliance on Egerton, however, is misplaced. Egerton was a "bridge case" where the petitioner's conviction became final before the effective date of the AEDPA but the petitioner was subject to its one-year limitations period thereafter. Because the state could not proffer any evidence that a copy of the newly-enacted AEDPA was available in the prison where Mr. Egerton resided, or that Mr. Egerton had knowledge of the AEDPA, this state "obstacle" was sufficient to grant Mr. Egerton equitable tolling relief. Egerton, 334 F.3d at 439. Petitioner can make no such claim herein.

In his second motion, Petitioner asserts that he is entitled to a judgment in his favor based on the undisputed facts contained in his petition and in his response to the Court's show-cause order. [Doc. 10 at 1]. Because the Court is dismissing the petition as untimely, Petitioner's Motion for Judgment on the Pleadings is moot and shall be denied.

## III. CONCLUSION

For the foregoing reasons, the original petition filed in this action shall be dismissed and each of Petitioner's two pending motions shall be denied. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (noting that, in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that, when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**O R D E R**

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED**;

2. The Petitioner's Motion for Leave to Amend Petition [Doc. 7] is **DENIED**;

3. The Petitioner's Motion for Judgment on the Pleadings [Doc. 10] is **DENIED**;

4. The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases; and

5. The Clerk of Court is respectfully directed to substitute Leslie Cooley Dismukes, Secretary of the North Carolina Department of Adult Correction, as the proper Respondent in this action.

**IT IS SO ORDERED.**

Signed: August 18, 2025

Martin Reidinger
Chief United States District Judge